UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARNESTUS JOHNNY DEBERRY, #159243,  )
               Petitioner,  )
                                    )     No. 1:17-cv-53
-v-                              )
                                    )     Honorable Paul L. Maloney
RANDALL HAAS,  )
              Respondent.  )
_____)

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING HABEAS PETITION

     In 2007, Arnestus Deberry pleaded guilty in the Michigan court system to second degree home invasion. This Court received his § 2254 habeas petition in January 2017. The magistrate judge reviewed the petition and issued a report recommending the petition be dismissed. (ECF No. 4.) The magistrate judge concluded that Deberry's petition was not filed within the one-year limitation period. Deberry filed objections. (ECF No. 5.)

     After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider").

The Court has reviewed the objections. Deberry has not identified any incorrect statement of fact or law in the magistrate judge's report. He does complain that the Court uses legal phrases that he does not understand. But the reason that his petition must be dismissed is outlined in the report in plain language. After his conviction became final, he had one year to ask this Court to review the case brought against him in the state courts. He did not do so. Beyond the one year, this Court's authority to review the state court action is narrow and limited. And Deberry has not identified any facts relevant to his situation that would allow this Court to now consider his petition, which was filed several years late.

Because Deberry's habeas petition was filed after the limitations period expired, this Court lacks the authority to review Deberry's prosecution in state court.

For these reasons, the report and recommendation (ECF No. 4) is **ADOPTED** as the Opinion of this Court. Deberry's petition for habeas relief is **DENIED.** This Court also **DENIES** a Certificate of Appealability. Deberry has not made a substantial showing the denial of any constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell,* 537 U.S. 322, 337 (2003). Reasonable jurists would not disagree with this result.

**IT IS SO ORDERED.**

Date:  February 21, 2017                              /s/ Paul L. Maloney
                                                                                     Paul L. Maloney
                                                                                     United States District Judge